UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NATRAJ BHUSHAN, as Guardian ad Litem
on behalf of Z.T.-B., an infant minor, *et al.*,

               Plaintiffs,

               v.

BRIGHT HORIZONS, *et al.*,

               Defendants.

Civil Action No. 21-07072 (MAS) (TJB)

**MEMORANDUM ORDER**

       This matter comes before the Court on Natraj Bhushan, as Guardian ad Litem on behalf of Z.T.-B., an infant minor, Natraj Bhushan, and Yordanos Tesfay's (collectively, "Plaintiffs") Motion to Amend and Remand this matter to the New Jersey Superior Court. (ECF No. 15.) Bright Horizons Family Solutions, Inc., Bright Horizons Children's Centers LLC, and Bright Horizons Children's Centers, Inc. (collectively, "Defendants") opposed (ECF No. 16), and Plaintiffs replied (ECF No. 17). For the reasons below, the Court orders limited jurisdictional discovery.

       Plaintiffs originally initiated this action in New Jersey Superior Court, Middlesex Vicinage, asserting state law claims for negligence and products liability, with *per quod* claims by the minor's parents.[1] Plaintiffs' Complaint includes claims against fictitious defendants (Compl., Ex. A, ECF No. 11), and Plaintiffs allege that these place-holder defendants were necessary because "all pre-litigation requests for information from the day care center were ignored, including but not limited to a request for the identity of the landlord of the premises where the [minor plaintiff]

---

[1] *See Bhushan, as Guardian ad Litem on behalf of Z.T.-B., an infant minor, et al. v. Bright Horizons, et al.*, No. MID-L-7264-20 (N.J. Super. Ct. Law Div. Mar. 1, 2021).

was injured." (Pls.' Moving Br. 2, ECF No. 15.) Defendants removed the case to federal court based on diversity jurisdiction. (*See* ECF No. 1.)

In April 2021, Plaintiffs moved to remand the case to state court, arguing that Defendants failed to demonstrate complete diversity between all Plaintiffs and Defendants because not all potential defendants had been identified. (ECF No. 6.) This Court denied the motion stating that "[e]ven if the fictitious defendants are 'almost certainly' New Jersey residents who would destroy complete diversity . . . Plaintiffs must provide specific evidence showing the identity and citizenship of those defendants." (*See* ECF. No. 11 (citations omitted).) Plaintiffs have since engaged in an expedition to identify the correct parties and believe they have identified three of the previously fictitious defendants. (Pls.' Moving Br. 2-3.) Plaintiffs now move to amend the Complaint to join (1) Fern Road Associates, LLC and (2) Lucas Associates (collectively, the "New Defendants").[2] (*Id.* at 4.) Plaintiffs further allege that the citizenship of the New Defendants destroys complete diversity, and this Court should therefore remand the case to state court. (*Id.*)

The Court remains unsure as to the citizenship of the New Defendants. Plaintiffs seek to add Fern Road Associates, LLC as the original landlord of the property where Plaintiffs were injured and Lucas Associates as successor in interest to Fern Road Associates, LLC. (Pls.' Moving Br. 2-3.) The Court addresses the citizenship issues of each New Defendant in turn.

**A.   The Court Does Not Know the Identity or Citizenship of the Original Landlord.**

Plaintiffs seek to join the landlord of the property where they were injured. Perhaps what appears to be a fairly straight-forward inquiry, that is not the case here. In December 2021, in

---

[2] Plaintiffs also seek to join Bright Horizons Family Solutions, LLC, however there is no dispute as to this defendant's citizenship. (Pls.' Moving Br. 2 n.1.) The Court thus limits its discussion to the remaining two, allegedly non-diverse, New Defendants.

2

response to discovery requests, Defendants provided the name of the landlord as Fern Road Holding Company, LLC and produced lease documents for the premises. (Pls.' Moving Br. 2.) The original lease for the property ("Lease") identifies the landlord as "Fern Road Holding Company, L.L.C., a New Jersey Limited Liability Company, with an address of 5 Brandywine Lane, Colts Neck, [New Jersey] 07722." (Pls.' Moving Br. Ex. I.) Antonio Lucas signed the Lease as manager of Fern Road Holding Company, LLC. (*Id.*)

When Plaintiffs sought to determine the citizenship of Fern Road Holding Company, LLC, however, they were unable to find any company chartered in New Jersey under that name. (Pls.' Moving Br. 3.) Rather, Plaintiffs found Fern Road Associates, LLC, which was created on December 13, 2001, the president of which is Antonio Lucas, located at 5 Brandywine Lane, Colts Neck, [New Jersey] 07722. *Id.*

Plaintiffs conclude that the Lease mistakenly lists Fern Road Holding Company, LLC as the landlord rather than Fern Road Associates, LLC. (Pls.' Moving Br. 3-4.) Defendants, however, provide a list of New York companies with similar names that "may" also be the original landlord. (Defs.' Opp'n Br. 5, ECF No. 16; Defs.' Opp'n Br. Ex. A.) Despite having direct knowledge of the rightful entity, Defendants chose to play games. The Court will not conclude whether the mistake in the Lease is the name of the company or the location of the company—or something else entirely. The Court will, rather, order limited jurisdictional discovery as to the identity of the original landlord. And Defendants will comply.

**B.    The Court Does Not Know the Corporate Form or Citizenship of Lucas Associates.**

Defendants also provided Plaintiffs with the Lease Termination and Surrender Agreement ("Surrender Agreement") for the property. (Pls.' Moving Br., Ex. K.) The Surrender Agreement lists the landlord as Lucas Associates, which signed "as successor in interest to Fern Road Holding

3

Company."³ (*Id.*) Antonio Lucas signed the Surrender Agreement as president of Lucas Associates. (*Id.*) Plaintiffs seek to join Lucas Associates as the new landlord of the premises where Plaintiffs were injured. (Pls.' Moving Br. 4.)

The problem lies, however, in determining the corporate form—and, therefore, also the citizenship—of Lucas Associates. Plaintiffs assume that Lucas Associates is a sole proprietorship or a general partnership because the landlord's past practice was to identify "LLC" or "incorporated" in the lease documents, and the Lucas Associates corporate form was not identified in the Surrender Agreement. (Pls.' Reply 5, ECF No. 17.) On the other hand, Defendants argue that Plaintiffs' assumptions regarding Lucas Associates' corporate form are insufficient to determine citizenship. (Defs.' Opp'n Br. 6; *see* Pls.' Moving Br. Ex. K.) The Court reluctantly agrees with Defendants. The Court, accordingly, will order limited jurisdictional discovery as to the corporate form and citizenship of Lucas Associates.

The Court is unable to rule on Plaintiffs' Motion to Amend and Remand without further information regarding the identities and citizenship of the original landlord and the successor in interest. The Court, therefore, will order limited jurisdictional discovery as to these issues. The Court warns, however, that this discovery is not "a fishing expedition" into the underlying merits. *LaSala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 478 (3d Cir. 2011). It shall be brief, purposeful, and provide the Court with the requisite information to determine its jurisdiction.

**IT IS THEREFORE**, on this 21ˢᵗ day of September 2022, **ORDERED** as follows:

1. Jurisdictional discovery shall be open until **October 17, 2022**. The Court will not grant extensions to this deadline absent good cause.

---

³ Defendants also assert that because Lucas Associates signed as "successor in interest" to Fern Road Holding Company, the two entities must have merged, whereby Fern Road Holding Company ceased to exist as a separate entity. (Defs.' Opp'n Br. 2-3.) Any documentation of a merger should be included in the jurisdictional discovery.

4

2. By **October 24, 2022**, the parties shall e-file correspondence no longer than **five, double-spaced pages** indicating (1) the identity of the original landlord; (2) any documentation of a merger between Fern Road Holding Company and Lucas Associates; and (3) the corporate form and citizenship of Lucas Associates.

3. By **October 31, 2022**, the parties may e-file correspondence no longer than **five, double-spaced pages** opposing the other parties' opening correspondence.

4. Plaintiffs' Motion to Amend and Remand to State Court shall be administratively terminated pending the conclusion of jurisdictional discovery and the Court's review of the parties' submissions.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

5