**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATRAJ BHUSHAN, as Guardian ad Litem on behalf of Z.T.-B., an infant minor, *et al.*, | |
| Plaintiffs, | Civil Action No. 21-7072 (MAS) (TJB) |
| v. | **MEMORANDUM OPINION** |
| BRIGHT HORIZONS, *et al.*, | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on Natraj Bhushan, as Guardian ad Litem on behalf of Z.T.-B., an infant minor, Natraj Bhushan, and Yordanos Tesfay's (collectively, "Plaintiffs") Motion to Amend and Remand this matter to the New Jersey Superior Court. (ECF No. 15.) Bright Horizons Family Solutions, Inc., Bright Horizons Children's Centers LLC, and Bright Horizons Children's Centers, Inc. (collectively, "Bright Horizons" or "Defendants") opposed (ECF No. 16), and Plaintiffs replied (ECF No. 17). Plaintiffs filed two status letters (ECF Nos. 22, 23) in response to the Court's Order providing jurisdictional discovery ("Jurisdiction Order") (ECF No. 21), and Defendants opposed (ECF No. 24). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Plaintiffs' Motion and remands this case to state court for further proceedings.

I.    **BACKGROUND**

Plaintiffs initiated this action in New Jersey Superior Court, Middlesex Vicinage, asserting state law claims for negligence and products liability, with *per quod* claims by the minor's parents.[1] Plaintiffs' Complaint included claims against fictitious defendants. (Pls.' Moving Br. 2, ECF 15-5.) Defendants removed the case to federal court based on diversity jurisdiction. (*See* ECF No. 1.) Plaintiffs moved to remand, arguing that Defendants failed to demonstrate complete diversity between all Plaintiffs and Defendants specifically because not all potential defendants had yet been identified. (ECF No. 6.) This Court denied the motion to remand stating that "[e]ven if the fictitious defendants are 'almost certainly' New Jersey residents who would destroy complete diversity . . . Plaintiffs must provide specific evidence showing the identity and citizenship of those defendants." (ECF. No. 11 (citations omitted).)

After identifying the previously-fictitious defendants, Plaintiffs filed the instant Motion to Amend and Remand based on the citizenship of the new defendants. Plaintiffs originally sought to add the following new defendants: (1) Bright Horizons Family Solutions, LLC, as successor to Bright Horizons Family Solutions, Inc.; (2) Fern Road Associates, LLC ("Fern Road Associates"), a New Jersey limited liability company, as record owner and original landlord of the property occupied by Bright Horizons; and (3) Lucas Associates, as successor in interest to the property. (Pls.' Moving Br. 2.)

Due to lingering uncertainty regarding the identity of the original landlord and citizenship of Plaintiffs' newly proposed defendants, the Court ordered the parties to conduct limited jurisdictional discovery which was to be completed by October 17, 2022. (Order, ECF No. 21.) Plaintiffs filed a status report on October 24th and a corrected status report ("Status Report") on October 30th. (ECF No. 22; Pls.' Status Report, ECF No. 23.) Defendants completely ignored the

---

[1] *See Bhushan v. Bright Horizons, et al.*, No. MID-L-7264-20 (N.J. Super. Ct. Law Div. 2021).

Jurisdiction Order and, instead, filed an opposition to Plaintiffs' Status Report (ECF No. 24), advancing arguments regarding fraudulent joinder.

As part of their Status Report, Plaintiffs filed an Affidavit from Antonio Lucas (the "Lucas Affidavit"), manager of Fern Road Associates ("Lucas"). (Lucas Aff., ECF No. 23.) The Lucas Affidavit details that the original landlord is, indeed, Fern Road Associates. (*Id.* ¶¶ 5-6, 9, 11.) Further, Lucas admits to having no knowledge of or connection to Lucas Associates, if such a business even exists. (*Id.* ¶ 14.) As a result of the jurisdictional discovery, Plaintiffs no longer seek to add Lucas Associates in their proposed amended complaint. (*See* Pls.' Status Report 2.)[2]

## II.   LEGAL STANDARD

If a plaintiff seeks to join non-diverse defendants after a defendant removes the action to federal court based on diversity jurisdiction, the court may "deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). The Third Circuit has not yet established the "appropriate analytical approach" to § 1447(e), yet it has relied on the *Hensgens* factors outlined by the Fifth Circuit. *Hayden v. Wesfield Ins. Co.*, 586 F. App'x 835, 840-41 (3d Cir. 2014); *see also City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 746 (D.N.J. 2008) (noting that district courts within the Third Circuit have adopted the *Hensgens* approach).

Under the *Hensgens* approach, the court should "scrutinize th[e] amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). The court should balance the following factors and decide whether amendment should be permitted:

(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction;

(2) whether plaintiff has been dilatory in asking for amendment;

---

[2] Plaintiffs' proposed amendment to add Bright Horizons Family Solutions, LLC, as successor to Bright Horizons Family Solutions, Inc. is not contested.

(3) whether plaintiff will be significantly injured if amendment is not allowed; and

(4) any other factors bearing on the equities.

*Id.* The conduct of the parties between filing the complaint and the motion to amend "is an appropriate matter for consideration by the [c]ourt." *Perth Amboy*, 539 F. Supp. 2d at 747-48. If the court permits joinder of the non-diverse defendant, then it "must remand to state court," but if amendment is not permitted, "the federal court maintains jurisdiction." *Hensgens*, 833 F.2d at 1182. In "close cases," all doubts should be resolved in favor of remand. *Pellot v. GGB LLC*, 551 F. Supp. 3d 509, 517 n.4 (D.N.J. 2021); *see Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

### III.   DISCUSSION

Plaintiffs move to amend the complaint and remand. The Court first addresses the proposed amendment and then addresses the request to remand.

#### A.   Motion to Amend

Following Defendants' removal, Plaintiffs now move—for the second time—to join a non-diverse party—Fern Road Associates—as the original landlord. (Pls.' Moving Br. 4.) In opposition, Defendants argue that Fern Road Associates is *not* the original landlord and that even if it was, the Court should not permit amendment because Fern Road Associates merged with Lucas Associates, LLC (the signatory on the lease termination). (Defs.' Opp'n Br. 2-3, ECF No. 16.)

The Court ordered jurisdictional discovery to specifically settle disputes such as these. (Order 5 ("[T]he parties shall e-file correspondence . . . indicating (1) the identity of the original landlord; [and] (2) any documentation of a merger between Fern Road Holding Company and Lucas Associates . . . .").) Plaintiffs' Status Report detailed that although they sent Defendants requests regarding the identity of the landlord and documentation of any merger between Fern Road Associates and Lucas Associates, Plaintiffs received no response from Defendants. (Pls.'

4

Status Report 1-2.) Plaintiffs were eventually able to secure the Lucas Affidavit confirming that: (1) Fern Road Associates is the correct landlord; (2) there was never any merger with Lucas Associates; and (3) Lucas Associates is not a successor in interest to Fern Road Associates. (Lucas Aff. 2-3.) Thus, Plaintiffs seek to add Fern Road Associates, allowing them to potentially recover from both the commercial tenant and the record property owner and original landlord. (*Id.* at 3-4.) Defendants conceded that Fern Road Associates is the original landlord in the only document that they filed after the Jurisdiction Order. (Defs.' Opp'n Letter 3 ("The proposed Defendant – Fern Road Associates, LLC – the Landlord, leased the space . . . on April 6, 2001."), ECF No. 24.)

With an understanding of the correct party Plaintiffs seek to join, the Court turns to the *Hensgens* factors to determine whether Plaintiffs' amendment is permissible.

### 1.     Purpose of Amendment

First, the Court considers "the extent to which the purpose of the amendment is to defeat federal jurisdiction." *Hensgens*, 833 F.2d at 1182. In considering this factor, the Court "must focus on the specific facts and circumstances" of the case, and "[t]he parties' actions during the period between filing of the complaint and the motion to amend is an appropriate matter for consideration by the Court." *Perth Amboy*, 539 F. Supp. 2d at 747-48.

Plaintiffs' purpose of amendment has remained consistent: they seek to include the original landlord in this litigation. Plaintiffs demonstrated this purpose before they filed the action (Pls.' Moving Br. 2 ("[A]ll pre-litigation requests for information from the day care center were ignored, including . . . a request for the identity of the landlord of the premises where the Plaintiff was injured.")), in their original complaint by naming fictitious defendants in anticipation of a future amendment (*id.*), and after receiving initial discovery (*id.* at 2-3 (Plaintiffs embarked on their own investigation to determine the identity of the original landlord).)

Defendants contend that because Fern Road Associates merged with Lucas Associates, the joinder of the two is rendered improper and fraudulent. (Defs.' Opp'n Br. 3.) Further, Defendants state that this factor weighs in their favor because "Fern Road Associates, LLC is not even the actual name of the original landlord." (*Id.*) But the jurisdictional discovery discussed above has disposed of both of these arguments. Defendants' arguments are entirely contradicted by the Lucas Affidavit (Lucas Aff. 2-3), and Defendants have conceded as much (Defs.' Opp'n Letter 3).[3]

The facts do not evidence a primary intent to defeat this Court's diversity jurisdiction. This factor, thus, weighs in favor of amendment.

### 2.     Dilatory Conduct

Next, the Court considers "whether [P]laintiff has been dilatory in asking for amendment." *Hensgens*, 833 F.2d at 1182. A six-month delay in filing a motion to amend could be considered dilatory. *See Arevalo v. Brighton Gardens*, No. 15-2563, 2016 WL 4975199, at *4 (D.N.J. Sept. 16, 2016) (finding plaintiff dilatory in requesting amendment because six months had passed since removal and plaintiff had known the identity of the defendant it sought to join since the beginning of the action). But the length of time that has passed is not the only consideration in deeming a plaintiff dilatory. In addition, courts are to consider "the nature of the delay," as well as whether "the purpose of the delay was to unnecessarily prolong litigation." *Perth Amboy*, 539 F. Supp. 2d at 748; *Benoit v. 7-Eleven Inc.*, No. 19-14233, 2020 WL 13546413, at *3 (D.N.J. June 23, 2020).

---

[3] Defendants present two novel arguments in their opposition to Plaintiffs' Status Letter: (1) that Plaintiffs improperly submitted the Lucas Affidavit rather than pursuing a deposition of Lucas; and (2) that the claims are precluded by a statute of repose. (*See generally* Defs.' Opp'n Letter.) As to the first contention, the Court does not understand Defendants' argument as they have not made any suggestion that the Lucas Affidavit is somehow fraudulent. The Court, additionally, does not address the merits of the statute of repose argument, as it is an inappropriate response to the Jurisdiction Order, which involved limited jurisdictional discovery.

Defendants argue that Plaintiffs have been dilatory because of a "six-month delay" in moving to amend from when Plaintiffs discovered the new party to add. (Defs.' Opp'n Br. 3-4.) Defendants contend that they have been prejudiced by this delay because "the memory and recollection of parties and potential witnesses continued to diminish." (*Id.*) Defendants' arguments fall short.

As an initial matter, the party that Plaintiffs discovered six months before filing the instant motion was the incorrect party. (Pls.' Moving Br. 2 ("By email on December 20, 2021, I received Defendants' initial discovery responses. Defendants for the first time identified the landlord of the premises as **Fern Road Holding Company, LLC**.") (emphasis in original) (internal citations omitted).) Plaintiffs were forced to conduct their own investigation into the identity of the correct landlord (*id.* at 3), and even when they presented Defendants with the corrected name (Fern Road Associates), Defendants still denied that it was the correct landlord. (Defs.' Opp'n Br. 2 (contending that Fern Road Associates is the incorrect landlord, but even assuming it is the correct landlord, it ceased to exist because Lucas Associates is the successor in interest).) With its Jurisdiction Order, the Court provided Defendants with an additional opportunity to clarify the identity of the landlord—an opportunity Defendants forfeited by not responding to the Jurisdiction Order. Plaintiffs did not receive confirmation on the correct party to add until they received the Lucas Affidavit on October 30, 2022. (*See* Pls.' Status Report.)

Any delay here was caused by Defendants' refusal to cooperate. Plaintiffs sought the name of the landlord before this litigation commenced. (Pls.' Moving Br. 2.) The Court finds no motivation of Plaintiffs to "unnecessarily prolong litigation." The second *Hensgens* factor, thus, weighs in favor of amendment.

7

### 3. Prejudice to Plaintiffs

The next *Hensgens* factor considers "whether plaintiff will be significantly injured if amendment is not allowed." 833 F.2d at 1182. Litigating the same action in two separate forums may constitute sufficient injury for the third factor to weigh in favor of amendment. *31-01 Broadway Assocs., LLC v. Travelers Cas. & Surety Co.*, No. 17-6292, 2019 WL 5061320, at *6 (D.N.J. Oct. 10, 2019); *see also Perth Amboy*, 539 F. Supp. 2d at 749.

Plaintiffs contend that they would suffer significant injury without amendment if they were forced to litigate two related lawsuits in different forums, both in the economic burden associated with two different actions surrounding the same facts, and in the potential for obtaining two conflicting judgments. (Pls.' Moving Br. 17.) The Court agrees and finds that this factor weighs in favor of amendment.

### 4. Other Equitable Factors

Lastly, *Hensgens* directs courts to consider "any other factors bearing on the equities." 833 F.2d at 1182. Here, Defendants' total lack of cooperation with Plaintiffs and the Jurisdiction Order tip the balance of this factor in favor of amendment. Defendants refused to provide the identity of the original landlord upon Plaintiffs' first request prior to the litigation. (*See* Pls.' Moving Br. 2.) They refused to provide it in response to Plaintiffs' Motion to Amend, and they refused to provide it when the Court issued the Jurisdiction Order. (*See* Order.) The final *Hensgens* factor weighs in favor of amendment.

Based on the foregoing and after scrutinizing the proposed amendment more closely than an ordinary amendment, the Court grants Plaintiffs' Motion to Amend.

### B. Motion to Remand

The citizenship of limited liability companies is solely "determined by the citizenship of its members." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing

8

*Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)). Here, Plaintiffs demonstrate that Fern Road Associates is a citizen of New Jersey. It is chartered by the State of New Jersey, and Lucas is its President and registered agent (*see* Pls.' Moving Br. Ex. G, Ex. H 56-57, ECF No. 15-3; *see also* Lucas Aff. 2-3), and Lucas is a New Jersey citizen.[4] (*Id.*) Defendants admit that Fern Road Associates is, indeed, a New Jersey citizen. (*See* Pls.' Status Report 2; Lucas Aff. 2.)

Fern Road Associates, accordingly, is a non-diverse party. As such, Plaintiffs' proposed amendment will destroy diversity, and the Court must remand the matter to state court for further proceedings.

## IV.    CONCLUSION

For the above reasons, the Court grants Plaintiffs' Motion to Amend and Remand. An Order consistent with this Memorandum Opinion will follow.

MICHAEL A. SHIPP<br>
UNITED STATES DISTRICT JUDGE

---

[4] A simple Google search demonstrates that Lucas is a member of Fern Road Associates. *See Antonio Lucas*, ALLPEOPLE (last visited Nov. 7, 2022), https://allpeople.com/antonio+lucas_fern-road-associates-l-l-c-us.

9